STATE OF NORTH CAROLINA v. MONROE GORDON PILAND

No. 811SC1117

(Filed 6 July 1982)

1. **Constitutional Law § 66— attorney's ability to waive defendant's right to be present at suppression hearing**

In a prosecution for manufacture of marijuana and felonious possession of marijuana, defendant's counsel had the power to waive the defendant's presence at a suppression hearing where defendant failed to demonstrate any prejudice to him by his absence, and where the evidence elicited was not disputed and there was no showing that it would have been different had the defendant been present.

2. **Searches and Seizures § 33— marijuana seen from neighbor's property—lawful search and seizure**

In a prosecution for manufacture of marijuana and felonious possession of marijuana where officers had been invited by defendant's neighbor to enter the neighbor's property and view defendant's property which they did and saw

*State v. Piland*

marijuana, even assuming the defendant had a reasonable expectation of privacy in the place at which he planted the marijuana, it was in plain view of the officers at a place they had a lawful right to be and a reasonable expectation of privacy did not affect the officers' right to seize the marijuana without a search warrant under the circumstances.

**3. Narcotics § 4.5— instructions—failure to submit defense of necessity—proper**

In a prosecution for the manufacture of marijuana and felonious possession of marijuana where the defendant was a medical doctor who contended he grew the marijuana for the benefit of his patient, the trial court properly failed to submit to the jury the defense of necessity.

**4. Narcotics § 4.5— instructions—preparation and compounding controlled substance—no application**

In a prosecution for the manufacture of marijuana and felonious possession of marijuana, G.S. 90-87(15), concerning the preparation or compounding of a controlled substance, had no application to defendant's case where defendant was doing more than preparing or compounding the marijuana since he was growing it.

**5. Narcotics § 4.5— instructions—lapse linguae—confusion in definition of intent—no prejudice to defendant**

In a prosecution for the manufacture of marijuana and felonious possession of marijuana, the defendant was not prejudiced and the jury was not misled by a *lapse linguae* in the charge on constructive possession and by an initially confusing charge on intent which was subsequently corrected.

**6. Narcotics § 1.2— professional dispensation of drugs—statute not unconstitutionally vague**

G.S. 90-101(g) and (h) which allow a physician to possess a narcotic in pharmaceutical form could not lead a physician of common intelligence to believe he could grow marijuana and possess it in its raw form and are not unconstitutionally vague.

ON writ of certiorari to review judgment entered by *Cornelius, Judge.* Judgment entered 28 February 1981 in Superior Court, DARE County. Heard in the Court of Appeals 11 March 1982.

The defendant, a medical doctor, was tried for the manufacture of marijuana and felonious possession of marijuana. Prior to the trial of the case, a hearing was held to suppress evidence of marijuana which was found on the defendant's premises and the statement of the defendant at the time of his arrest. The defendant was not present while a part of the motion to suppress was heard. The district attorney stated that he would not insist that the counsel for the defendant go forward with the hearing in the absence of his client. The defendant's attorney stated he was anx-

State v. Piland

ious to have the case heard that day and the court heard four witnesses before the defendant arrived in court. Mr. Albert L. Austin, a deputy sheriff of Dare County, testified at the suppression hearing that Mr. Herman Gaskins of Hatteras, North Carolina, told him there might be marijuana growing on his property or on the adjoining property. Mr. Austin went to Mr. Gaskins' house and walked into the yard behind the house. He was able to observe through a myrtle hedge along Mr. Gaskins' property line what he recognized as marijuana growing on the adjoining property, which property belonged to the defendant. Mr. Austin notified Deputy Sheriff Carroll Midgett. Mr. Midgett and an agent with the State Bureau of Investigation went to Mr. Gaskins' house. They received permission from Mr. Gaskins to go into his backyard, which they did, and at that time were able to observe the marijuana through the myrtle hedge. They heard a voice and went through the hedge. At that time the defendant approached them. He told them the marijuana was his and he had been growing it to administer to his patients. The defendant said the only way he could be sure that the marijuana he used for medical purposes had not been treated with any insecticides or harmful chemicals was to grow it himself. The defendant also told the officers he had marijuana in his house and gave this to the officers. The court found facts consistent with this evidence and overruled the motion to suppress evidence of the marijuana and the motion to exclude the statement of the defendant.

At the trial, the State offered the evidence it had used at the *voir dire* hearing. The defendant testified he was growing the marijuana to treat Gail Hollis, who was experiencing nausea from chemotherapy treatments. He did not try to get a license to dispense it because he felt such an attempt would be futile. Several doctors and laymen presented evidence that marijuana is helpful in treating the nausea which accompanies chemotherapy. Dr. John Laszlo of Duke University Medical Center testified that he has a permit to dispense marijuana. He also testified as to the drug's usefulness and to the difficulty in getting a license to dispense the drug. Gail Hollis testified she was not Dr. Piland's patient and she had not and would not take marijuana.

The defendant was found guilty of both charges. He appeals from the imposition of an active sentence which was suspended.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Alexander and McCormick, by David S. Rudolph and Donald H. Beskind, for defendant appellant.*

WEBB, Judge.

[1] The defendant brings forward seven assignments of error. He first argues that holding part of the suppression hearing without his presence violated his right of confrontation and effective assistance of counsel. He contends his attorney could not waive his right to be present. The State had offered to continue the suppression hearing, but it was started before the defendant was present at the request of defendant's counsel. There can be no question that his counsel intended to waive the presence of the defendant at the hearing. We hold that he had the power to do this. It has been held that a defendant cannot waive his right to be present at every stage of his trial upon an indictment charging a capital felony. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969). Our Supreme Court has not extended this rule to non-capital cases. It has held that this rule is not extended in a capital case to require the defendant's presence at a hearing on a pretrial motion for discovery. *State v. Davis*, 290 N.C. 511, 227 S.E. 2d 97 (1976). The defendant in this case has not demonstrated any prejudice to him by his absence from a part of the hearing. The evidence elicited was not disputed and there has been no showing that it would have been different had the defendant been present. The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant contends the court should have granted his motion to suppress the marijuana found on his property and his statements made to the officers at the time of his arrest. He contends the marijuana was seized and he was arrested as the result of an unlawful search. We do not believe there was an unlawful search. The officers had been invited by Mr. Gaskins to enter his property. While in a place at which they had a right to be, they were able to observe the growing marijuana in plain view. No search warrant was required to enter the property of the defendant and seize the contraband. *See State v. Thompson*, 296 N.C. 703, 252 S.E. 2d 776 (1979). The defendant, citing several United States Supreme Court cases and

cases from other jurisdictions, argues that the marijuana was being grown at a place in which he had a reasonable expectation of privacy and for this reason a search warrant was required before the officers could enter the property. We do not believe the case turns on this point. Assuming the defendant had a reasonable expectation of privacy in the place at which he planted the marijuana, it was in plain view of the officers at a place they had a lawful right to be. A reasonable expectation of privacy does not affect the officers' right to seize the marijuana without a search warrant under these circumstances. When the defendant said the marijuana was his, they had a right to arrest him and the statement he volunteered at that time may be received in evidence. The defendant's second assignment of error is overruled.

[3] In his third assignment of error the defendant contends the court should have submitted to the jury the defense of necessity. He cites cases from other states and textbook authority for the proposition that in some cases society may be better served by violation of the law than adherence to its letter. He argues from this that the jury should have been allowed to determine whether the defendant had a right to grow marijuana in violation of the law in order to furnish it to his patients. We do not consider the defense of necessity except to say it has no application in this case. The evidence shows there is at least one doctor in this state who may prescribe marijuana. The defendant could have referred to Dr. Laszlo any patient who he felt needed marijuana. We cannot hold that any doctor in the state who decides he wants to grow marijuana may do so in disregard of the criminal sanctions against it and the laws and rules regulating the prescription of drugs by physicians. The defendant's third assignment of error is overruled.

[4] In his fourth assignment of error the defendant contends the court should have charged the jury on G.S. 90-87(15) which provides in part:

> " 'Manufacture' . . . does not include the preparation or compounding of a controlled substance . . . .
>
> > a. By a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice."

We do not believe G.S. 90-87(15) has any application to this case. The defendant was doing more than preparing or compounding the marijuana. He was growing it. He should not have been growing it as an incident to administering or dispensing it in the course of his professional practice as he was forbidden by law from doing so. The defendant's fourth assignment of error is overruled.

[5] The defendant's fifth assignment of error is to the charge. The court charged on constructive possession. He charged the jury that if they found the marijuana was on premises owned and controlled by the defendant, this would be a circumstance with other circumstances from which they could conclude the defendant had the power and intent to control the marijuana. He charged further they could not make this inference on this circumstance alone. He then charged as follows: "This inference may be drawn only from this or any other circumstances that you find from the evidence beyond a reasonable doubt." The defendant contends that by using the word "or" the court charged inconsistently. We do not believe this *lapse linguae* was prejudicial to the defendant. He admitted throughout the trial that the marijuana was his. We believe from reading the entire charge that the jury was not misled. The defendant's fifth assignment of error is overruled.

The defendant next assigns error to the definition of intent used in the charge. The court apparently became confused when it started the definition of intent. It said "Intent is defined as — a person acts intentionally for the purposes of this crime when it is his intent to knowingly possess marijuana." The court then correctly defined intent. We do not believe the jury was confused or misled by the above quoted sentence. The court also instructed the jury as follows:

"And intent to normally possess marijuana may be inferred from the act itself, the nature of the possession, the conduct of the defendant, and other relevant circumstances."

The defendant argues that by using the phrase "the nature of the possession" the court assumed that possession had been proved and thus commented on the evidence. We do not believe the jury would conclude from this phrase that the court had assumed that possession had been proved. If they did it may have been because

State v. Piland

the defendant admitted possession. This assignment of error is overruled.

[6] In his last assignment of error the defendant contends the statute was unconstitutionally vague as applied to him. G.S. 90-101 provides in part:

"(g) Practitioners licensed in North Carolina by their respective licensing boards may possess, dispense or administer controlled substances to the extent authorized by law and by their boards.

(h) A physician licensed by the Board of Medical Examiners pursuant to Article 1 of this Chapter may possess, dispense or administer tetrahydrocannabinols in duly constituted pharmaceutical form for human administration for treatment purposes pursuant to regulations adopted by the North Carolina Drug Commission."

The defendant argues that the term "tetrahydrocannabinols" reasonably includes marijuana. He argues further that no regulations had been adopted by the North Carolina Drug Commission. He concludes these two sections of the statute led him to believe he could grow and possess marijuana for the use of his patients. Assuming that tetrahydrocannabinols include marijuana, we do not believe a statute which allows a physician to possess it in pharmaceutical form could lead a physician of common intelligence to believe he could grow marijuana and possess it in its raw form. The defendant's last assignment of error is overruled.

No error.

Judges CLARK and ARNOLD concur.