STATE OF NORTH CAROLINA v. SCOTT RUSSELL MANLEY

No. 888SC946

(Filed 15 August 1989)

**Criminal Law § 26.5; Rape and Allied Offenses § 2— first degree sexual offense—taking indecent liberties—different elements of offenses—no double jeopardy**

Defendant could properly be convicted of first degree sexual offense and of taking indecent liberties with a child without subjecting him to double jeopardy, since the two offenses had differing age requirements, and the two offenses did not have the same elements in that the crime of indecent liberties could involve a "lewd or lascivious act" which was not necessarily a

"sexual act," as required by the first degree sexual offense statute. N.C.G.S. § 14-27.4(a)(1) and § 14-202.1(a)(2).

APPEAL by defendant from *Allsbrook (Richard B.)*, *Judge*. Judgment entered 31 March 1988 in Superior Court, WAYNE County. Heard in the Court of Appeals 11 April 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Howard E. Hill, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant-appellant.*

GREENE, Judge.

This appeal arises from defendant's convictions of first-degree rape, first-degree sexual offense, and taking indecent liberties with a child. On appeal, defendant argues the trial court should have arrested either the sex offense or indecent liberties count and that its failure to do so resulted in defendant's conviction of two crimes with the same elements which contravenes his constitutional protection against double jeopardy.

In *State v. Etheridge*, 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987), our Supreme Court stated:

> Both the fifth amendment to the United States Constitution and article I, section 19 of the North Carolina Constitution prohibit multiple punishments for the *same* offense absent clear legislative intent to the contrary . . . . Where . . . a single criminal transaction constitutes a violation of more than one criminal statute, the test to determine if the elements of the offenses are the same is whether each statute requires proof of a fact which the other does not . . . By definition, all the essential elements of the lesser included offense are also elements of the greater offense. Invariably then, a lesser included offense requires no proof beyond that required for the greater offense, and the two crimes are considered identical for double jeopardy purposes.

(Emphasis in original.) (Citations omitted.) The pertinent definition of first-degree sexual offense is "a sexual act . . . with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . ." N.C.G.S. Sec. 14-27.4(a)(1) (1986). A person is guilty

of taking indecent liberties with children if, being sixteen years of age or more and at least five years older than the child in question, he or she "either (1) [w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or (2) [w]illfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years." N.C.G.S. Sec. 14-202.1(a)(1), (2) (1986).

Defendant notes that our Supreme Court has stated that, "conviction of taking indecent liberties also requires that the offense committed 'for the purpose of arousing or gratifying sexual desire' which is not required for conviction of first-degree sexual offense." *State v. Swann*, 322 N.C. 666, 678, 370 S.E.2d 533, 540 (1988). Defendant consequently argues that: (1) the *only* element distinguishing first-degree sex offense from indecent liberties is the latter's requirement under Section 14-202.1 that the illegal act must be performed "with the purpose of arousing and gratifying sexual desire"; (2) the trial judge instructed the jury that it could convict defendant of indecent liberties if it found defendant committed *either* "a lewd and lascivious act" *or* an act performed "for the purpose of arousing and gratifying sexual desire"; (3) the jury therefore may have convicted defendant of indecent liberties only because it found he committed a "lewd and lascivious act"—which defendant argues is not the element distinguishing first-degree sex offense from indecent liberties; and (4) therefore, the ambiguity in the jury's verdict creates the possibility the jury convicted defendant of two crimes having the same elements. Given the ambiguity of the verdict as well as an alleged lack of clear legislative intent that defendant be punished for both offenses, defendant argues the ambiguity should be resolved in his favor and one of the offenses should be arrested to protect his right against double jeopardy. *Cf. Blockburger v. United States*, 284 U.S. 299, 304, 76 L.Ed.2d 306, 309 (1933) (when same act violates two statutes, test is whether each requires proof of additional fact the other does not).

We reject defendant's analysis. In *Swann*, our Supreme Court stated that:

> In *State v. Gardner*, 315 N.C. 444, 340 S.E.2d 701 (1986), we held that in single prosecutions for more than one crime . . . *Blockburger* has no application. We held in *Gardner* that

it is a matter of legislative intent as to whether a defendant may receive multiple punishment if he is convicted of two crimes in one prosecution. Although the elements of two crimes may be identical, we said in *Gardner*, multiple sentences may be imposed if that is the intent of the Legislature. *In determining the intent of the Legislature, the fact that each crime for which a defendant is convicted in one trial requires proof of an element the other does not demonstrate the Legislature's intent that the defendant may be punished for both crimes.*

322 N.C. at 677, 370 S.E.2d at 539 (emphasis added). Under *Swann*, the dispositive issue for defendant's appeal is whether "each crime for which [the] defendant is convicted in one trial requires proof of an element the other does not . . ." *Id.* As defendant correctly notes, the test for determining whether there are distinctive elements between two crimes requires analyzing the legislative definitions of the crimes, even though under certain factual circumstances the offenses would not be identical. *State v. Weaver*, 306 N.C. 629, 295 S.E.2d 375 (1982).

However, defendant mistakenly asserts that only the "sexual desire" prong of the definition of indecent liberties under Section 14-202.1(a)(1) distinguishes indecent liberties from first-degree sex offense. First, defendant's selective citation of *Swann* overlooks the Court's recognition the two offenses also have differing age requirements:

Conviction of first-degree sexual offense requires the victim be under the age of 13, whereas conviction of indecent liberties requires only that the victim be under the age of 16. Conviction of taking indecent liberties requires the defendant be at least 16 years old and five years older than the victim, whereas first-degree sexual offense only requires that he be at least 12 years old and four years older than the victim.

*Swann*, 322 N.C. at 678, 370 S.E.2d at 539-40.

Furthermore, since the test is a "definitional" test, there is no logical reason to exclude the "lewd or lascivious act" prong of the definition of indecent liberties under Section 14-202.1(a)(2). A "lewd or lascivious act" constituting an indecent liberty need not include the "sexual act" required for first-degree sex offense. *See Etheridge*, 319 N.C. at 51, 352 S.E.2d at 683 (indecent liberties is not lesser included offense of second-degree sex offense which

also requires "sexual act"); *Weaver*, 306 N.C. at 636, 295 S.E.2d at 379 (indecent liberties requires sexual purpose or lascivious act and is therefore not lesser included offense of first-degree rape). The word "lewd" is defined broadly as "sexually unchaste or licentious, dissolute, lascivious" or "suggestive of or tending to moral looseness" or "inciting to sensual desire or imagination." *Webster's Third New International Dictionary* at 1301 (1968). Section 14-27.1(4) more narrowly defines a "sexual act" as meaning "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body . . ." N.C.G.S. Sec. 14-27.1(4) (1986).

Therefore, since a "lewd or lascivious act" is not necessarily a "sexual act," the crime of indecent liberties under Section 14-202.1(a)(2) does not have the same elements as the crime of first-degree sexual offense under Section 14-27.4(a)(1). Accordingly, we conclude that the definitional elements of first-degree sex offense and indecent liberties are different. We therefore hold defendant's conviction of first-degree sex offense and indecent liberties did not contravene his constitutional protection against double jeopardy.

No error.

Judges ARNOLD and LEWIS concur.