STATE OF NORTH CAROLINA v. JOHN MICHAEL REBER, Defendant

No. COA06-594

(Filed 20 March 2007)

**1. Juveniles— age of defendant not submitted to jury—no error**

The trial judge did not err by failing to submit the issue of defendant's age to the jury in a prosecution for taking indecent liberties and first-degree sexual offense where defendant contended that he was only fifteen when the crimes occurred and that jurisdiction should have been in juvenile court. The jury was instructed that it must find that the crimes were committed within certain dates within the year that defendant was 16 years old.

**2. Indecent Liberties; Sexual Offenses— unanimous verdicts—number of incidents—no error**

   A defendant in an indecent liberties and first-degree sexual offense prosecution was not denied unanimous verdicts where there was evidence of more incidents than offenses charged in the indictments. There were specific incidents which supported each of the guilty verdicts rendered by the jury.

**3. Criminal Law— multiple indictment numbers—mistaken reference**

   There was no plain error in a prosecution for indecent liberties and first-degree sexual offense where the court referred to one indictment as "4735" instead of "4736."

**4. Evidence— prior crimes or bad acts—motive and intent**

   There was no error in a prosecution for indecent liberties and first-degree sexual offense in the admission of evidence of sexual offenses involving defendant with which he was not charged. The evidence was admissible to show motive and intent.

**5. Constitutional Law— effective assistance of counsel— acquittals on some charges**

   Defendant could not show that his counsel's failure to object to the admission of evidence at trial rose to the level required to show ineffective assistance of counsel where counsel succeeded in convincing the jury to acquit on two of the charges on which defendant was indicted.

   Appeal by defendant from judgments entered 16 July 1999 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 13 December 2006.

   *Attorney General Roy Cooper, by Assistant Attorney General Laura E. Crumpler, for the State.*

   *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant.*

   BRYANT, Judge.

   John Michael Reber (defendant) appeals from judgments entered 16 July 1999 consistent with jury verdicts finding him guilty of two counts of first degree sexual offense and two counts of indecent liberties with a minor.

The State's evidence tended to show the following: Carla Reber was born on 11 June 1983. Defendant was her cousin. Defendant was charged in four indictments with the commission of sex-related offenses against Carla. In indictment numbers 4734 and 4736, defendant was charged with first degree sex offense and indecent liberties with a minor, respectively, occurring between June 1989 and June 1990. Carla Reber testified that the first time defendant ever sexually assaulted her occurred when she was six years old; her sixth birthday was 11 June 1989. Carla's parents were not home and defendant was babysitting Carla and her sister. Carla fell asleep on the couch but woke up in her bed with defendant attempting to put his penis into her vagina. Carla woke up again later that night and defendant had inserted his finger into her vagina. Carla told her father about defendant's behavior the next day.

Two other indictments charged defendant with sexual acts against Carla when she was nine years old. Indictment number 4733 charged defendant with a first degree sex offense. Indictment number 4735 charged him with indecent liberties with a minor. Both of these indictments listed the date of the offenses as being between June 1992 and June 1993. Carla's ninth birthday was 11 June 1992. Carla testified that when she was nine years old, defendant put his tongue in her vagina. Carla also testified to two other incidents that occurred while she was seven or eight years old which involved defendant; however defendant was not charged with these acts in any of the indictments. Carla also testified regarding another sexual assault that occurred when she was twelve or thirteen years old. On that occasion, defendant came to her house and tried to have sex with her. Defendant was not indicted for any acts between June 1995 and June 1997, the time Carla would have been twelve or thirteen years old.

In July 1998, Dare County Department of Social Services and Doug Doughtie, with the Dare County Sheriff's Department, began investigating defendant's sexual acts with Carla. During the course of the investigation, Doughtie asked Carla to call defendant on the phone and confront him. Carla asked defendant why he had done what he did and he "just said you taste good." Also during the DSS investigation, Carla revealed that she had heard that similar acts had been committed by defendant against her cousin, Candace Reber. The investigators subsequently interviewed Candace.

Candace Reber Basnight was born on 30 June 1977, and was twenty-two years old at the time of trial. At the time relevant to this

STATE v. REBER

[182 N.C. App. 250 (2007)]

case, she was living in Wanchese, North Carolina, with her mother, Ginger Reber, her father, Sonny Reber, and her sister, Dana. Defendant was her half-brother who had previously resided primarily with his mother. Around the time he entered high school, he began living with his father, Sonny. The two sisters, Candace and Dana, shared bunk beds in the two-bedroom house. Defendant slept on a cot, or mattress, on the floor in the sisters' bedroom. Defendant was charged in Indictment Number 99 CRS 1602 with one count of first degree sex offense and one count of indecent liberty against Candace Reber. The date of offense listed in the indictment was from 19 September 1987 to 31 December 1988. Defendant's date of birth was 19 September 1971. Thus, the indictment charged offenses committed when defendant was sixteen or seventeen years old.

Candace testified that, just prior to turning eleven years old, and just after finishing the sixth grade, in June 1988, defendant performed oral sex on her. She stated that she was on the bottom bunk and he was on his knees beside the bed, "up underneath my blanket," with his head between her legs. At the same time, Candace's mother came to the bedroom door and hollered for the kids to come to breakfast. Ms. Reber testified at the trial that, upon seeing defendant performing oral sex on her daughter, she "literally got sick" and went to the bathroom and threw up. That day, 20 June 1988, Candace had a dentist appointment in Manteo. Candace was crying but did not tell her mother or anyone else what happened. Mrs. Reber that day insisted that defendant move out of the house immediately, which he did. Defendant was sixteen years old on 20 June 1988. Candace testified regarding other sexual acts committed by defendant which were not the subject of any indictment.

Defendant testified in his own behalf and denied ever touching Carla Reber. Defendant admitted performing oral sex on Candace, but insisted the acts occurred in 1987 when he was only fifteen years old. Defendant appeals.

_____

Defendant raises four issues on appeal: whether the trial court erred by (I) failing to submit the issue of defendant's age to the jury; (II) denying defendant the right to unanimous verdicts; (III) referring to indictment 98 CRS 4736 as "98 CRS 4735" when instructing the jury; and (IV) admitting evidence regarding sexual offenses involving defendant in which he was not charged and because defense counsel failed to object to the admission of such evidence, defendant received ineffective assistance of counsel.

I

**[1]** Defendant argues the trial court erred by failing to submit the issue of defendant's age to the jury. Defendant contends that he was only fifteen years old at the time of the commission of the charged offenses against Candace Reber and therefore the Superior Court had no jurisdiction over him; that he would have been subject only to the jurisdiction of the juvenile court. Defendant argues there was an issue of fact as to his age at the time of the offense and consequently that issue should have been submitted to the jury. We disagree.

The indictment in question charged defendant with indecent liberties with a minor[1] and first degree sex offense[2] between 19 September 1987 and 31 December 1988. The trial court specifically charged the jury that, in order to convict defendant, the jury had to find, unanimously, that he committed the charged acts between the two dates set forth in the indictment. Defendant's date of birth was 19 September 1971 so that he was sixteen years old on 19 September 1987. However, defendant testified that he committed some act or acts against Candace when he was fifteen years old. Defendant cites *State v. Dellinger*, 343 N.C. 93, 468 S.E.2d 218 (1996) and *State v. Bright*, 131 N.C. App. 57, 505 S.E.2d 317 (1998), *disc. rev. improvid. allowed*, 350 N.C. 82, 511 S.E.2d 639 (1999), in urging this Court to apply territorial jurisdiction decisions to the instant case, stating he is entitled to special jury instructions because he challenged the trial court's jurisdiction. However, the cases cited by defendant are inapplicable as those cases require special jury instructions only where the location of the crime is challenged. Therefore, we reject defendant's argument that there exists a jurisdictional issue.

Here, the trial court instructed the jury that it must find, "beyond a reasonable doubt that on or about the alleged date the Defendant [committed a first degree sexual offense and/or an indecent liberty with Candace]." Thus, because the indictments involving Candace Reber alleged dates between 19 September 1987 and 31 December 1988, during the year defendant was sixteen years old, the trial court

---

1. The elements of the crime of taking indecent liberties with a minor are (1) willfully taking or attempting to take any immoral, improper, or indecent liberties with, or committing or attempting to commit any lewd or lascivious act upon any part of the body of (2) a child under the age of sixteen (3) when the defendant is at least sixteen years old and at least five years older than the victim. N.C. Gen. Stat. § 14-202.1 (2005).

2. The elements of first degree sex offense are (1) engaging in a sexual act (2) with a child under the age of thirteen (3) when the defendant is at least twelve years old and at least four years older than the victim. N.C. Gen. Stat. § 14-27.4(a) (2005).

instructed the jury that it must find, beyond a reasonable doubt, that defendant committed the acts, if at all, when he was at least sixteen years old. This assignment of error is overruled.

II

[2] Defendant next argues the trial court denied him the right to unanimous verdicts because in both convictions, there was evidence presented of more incidents than offenses charged in the indictments and thus it is unclear as to which incidents the jury unanimously agreed. We disagree.

First, as to the indecent liberties charges, our Supreme Court has consistently held that "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *State v. Lawrence*, 360 N.C. 368, 375, 627 S.E.2d 609, 613 (2006); *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990); *State v. Lyons*, 330 N.C. 298, 412 S.E.2d 308 (1991).

Defendant goes on to argue, however, that the unanimous verdict requirement was violated with respect to the first degree sex offense conviction. However, a review of each indictment, including the specific dates alleged, shows that, for each time period, only one incident could conceivably support a conviction under that particular indictment. For Carla Reber, two indictments charged a first degree sexual offense: (1) Indictment Number 4733, from June 1992 through June 1993 (Carla was nine years old); and (2) Indictment Number 4734, from June 1989 through June 1990 (Carla was six years old). Carla testified to an incident occurring when she was nine years old (oral sex) and to a separate incident when she was six years old (finger in vagina). These incidents were clearly separate incidents, separately charged, and the trial judge instructed on them separately. No other specific incidents fit into the time frame for these two indictments. While Carla did mention an incident when she was "seven or eight years old," no indictment corresponded to that particular time frame. Furthermore, the jury found defendant guilty of one sex offense charge against Carla, that occurring when Carla was six years old. The evidence supporting this conviction was very specific. Defendant was babysitting for Carla and her sister and later that night tried to have sex with Carla and then inserted his finger into her vagina. This was the only evidence that supported this charge and this conviction. There was no violation of defendant's right to a unanimous verdict.

As to the charge of first degree sex offense and indecent liberties with a minor involving Candace Reber, Indictment Number 99 CRS 1602 charged that between 19 September 1987 and 31 December 1988, defendant committed a sex offense and an indecent liberty against Candace Reber. Candace testified to only one incident that could support these particular charges within the time frame alleged. She described the incident occurring the morning of 20 June 1988, two weeks after sixth grade ended, when her mother walked in while defendant was performing oral sex on her. This incident supported the jury verdict as to first degree sex offense and indecent liberties for the time period specifically alleged in the indictment which was between 19 September 1987 and 31 December 1988. *See State v. Brewer*, 171 N.C. App. 686, 695, 615 S.E.2d 360, 365 (2005) ("Because the same act of cunnilingus is sufficient to support a conviction of indecent liberties in addition to first-degree sexual offense, [citing *State v. Manley*, 95 N.C. App. 213, 217, 381 S.E.2d 900, 902 (1989)], and because no other evidence specifically relates to [the time period alleged in the indictment,] the jury was unanimous in its finding of indecent liberties[.]").

In the instant case, as in *Lawrence* and in *State v. Wiggins*, 161 N.C. App. 583, 589 S.E.2d 402 (2003), *disc. rev. denied*, 358 N.C. 241, 594 S.E.2d 34 (2004), there were specific incidents which supported each of the guilty verdicts rendered by the jury. Accordingly, "there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409. Moreover, defendant did not object at trial regarding unanimity or regarding jury instructions on this ground; the judge properly charged the jury that it must be unanimous in its verdict; separate verdict sheets were submitted for each charge; the jury never questioned or exhibited any confusion about the requirement of unanimity; and the jury members were polled and all indicated their affirmation of the verdict. *Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613. This assignment of error is overruled.

III

[3] Defendant next argues the trial court erred by referring to indictment 98 CRS 4736 as "98 CRS 4735" when instructing the jury. Defendant claims this error improperly created a fatal variance between the indictment and the instructions and also impermissibly allowed the jury to consider different sexual incidents to support its verdict. We disagree.

STATE v. REBER

[182 N.C. App. 250 (2007)]

Defendant did not object to the jury instructions at trial, and alleges plain error on appeal. When a defendant alleges plain error, we must examine the whole record to determine if the error is so basic and prejudicial that it amounts to fundamental error, or whether the jury's finding of guilt was influenced by the mistaken instruction. *State v. Carrigan*, 161 N.C. App. 256, 262-63, 589 S.E.2d 134, 139 (2003), *disc. review denied*, 358 N.C. 237, 593 S.E.2d 784 (2004).

Defendant was informed throughout this trial that there were four charges involving two specific time periods, as to the incidents involving Carla Reber. Defendant had repeated notice throughout the trial that he was charged with two offenses during 1989-1990, when Carla Reber was six years old; and with two other offenses during 1992-1993, when Carla was nine years old. While the trial court did at one point mistakenly refer to 98 CRS 4736 as 4735, it was clear the foreperson of the jury was making notes as to indictment numbers, dates and names of victims.

> THE COURT: In case number 98 CRS 4734, which also involves first degree sex offense allegedly with the victim Carla Reber, the date of that offense alleged in the bill of indictment is between 6-89 and 6-90. In case CRS 4735, which involves indecent liberties of a child with the alleged victim being Carla Reber, the date of that offense was alleged to have occurred between 6-89 and 6-90. In case 98 CRS 4735, which alleges indecent liberties with a child, that child being Carla Ann Reber, the dates of that offense alleged to be between 6-92 and 6-93.

> THE FOREPERSON: What was the CR number on that, Your Honor?

> THE COURT: Pardon?

> THE FOREPERSON: What was the CR number on—

> THE COURT: 98 CRS 4735.

> THE FOREPERSON: Okay.

The trial court then further clarified the offenses by stating:

> THE COURT: The Defendant has been accused of three (3) counts of first degree sexual offense. Two (2) of these charges 98 CRS 4733 and 98 CRS 4734 relate to Carla Reber and the charge of 99 CRS 1602 relates to Candace Reber.

> . . .

The Defendant has been also accused of three (3) counts of taking an indecent liberty with a child. Two (2) of these charges 98 CRS 4735 and 4736 relate to Carla Reber and the charge of 99 CRS 1602 relates to Candace Reber. . . .

We note defendant was found *not guilty* of charge number 98 CRS 4736. The trial court's misstatement during jury instructions did not influence the jury in determining defendant's guilt in 98 CRS 4735. Defendant has failed to show error, plain or otherwise. *See State v. Pinland*, 58 N.C. App. 95, 293 S.E.2d 278 (1982) (defendant was not prejudiced and jury was not misled by a *lapse linguae* in the charge which was subsequently corrected). This assignment of error is overruled.

IV

[4] Defendant argues the trial court erred by admitting evidence regarding sexual offenses involving defendant in which he was not charged and because defense counsel failed to object to the admission of such evidence, defendant received ineffective assistance of counsel. We disagree.

Evidence is admissible to show motive and intent, pursuant to N.C. Rules of Evidence, Rule 404(b). *State v. Byrd*, 321 N.C. 574, 364 S.E.2d 118 (1988); *State v. Craven*, 312 N.C. 580, 324 S.E.2d 599 (1985); *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954); *State v. Wade*, 155 N.C. App. 1, 573 S.E.2d 643 (2002), *review denied*, 357 N.C. 169, 581 S.E.2d 444 (2003); *State v. Sturgis*, 74 N.C. App. 188, 328 S.E.2d 456 (1985). Specifically, defendant contends that the trial court erred in admitting Carla's testimony regarding defendant's sexual assault on her when she was twelve or thirteen years old. Defendant concedes that there was no objection to this evidence at trial, but argues it was plain error. We find there was no error in the trial court's admission of the evidence.

[5] Moreover, defendant must satisfy a two-part test in order to meet his burden as to his claim for ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reli-

able. The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings. This determination must be based on the totality of the evidence before the finder of fact.

. . . .

Thus, if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient. After examining the record we conclude that there is no reasonable probability that any of the alleged errors of defendant's counsel affected the outcome of the trial.

*State v. Braswell*, 312 N.C. 553, 563-64, 324 S.E.2d 241, 248-49 (1985) (citations omitted).

In the instant case, defense counsel succeeded in convincing the jury to acquit on two of the charges on which defendant was indicted. Defendant cannot show his counsel's mere failure to object to the admission evidence at trial rises to the level required to show ineffective assistance of counsel. *Wade*, 155 N.C. App. 1, 573 S.E.2d 643. This assignment of error is overruled.

No error.

Judges McGEE and ELMORE concur.