STATE OF NORTH CAROLINA v. TAMON JACOBY LEGINS

No. COA06-1274

(Filed 19 June 2007)

**Robbery— attempt—intent—overt act—sufficiency of evidence**

The State's evidence was sufficient for the jury to find that defendant had the intent to commit robbery and that he did an overt act in furtherance of such intent, and the charge of attempted armed robbery was properly submitted to the jury, where the evidence tended to show: defendant was familiar with the layout of a convenience store where the charged crime occurred; upon entering the store, defendant went into the store's bathroom and smoked crack cocaine; defendant exited the bath-

STATE v. LEGINS

[184 N.C. App. 156 (2007)]

room carrying a steak knife in his hand, and immediately walked toward the counter where two cash registers were located; defendant then stepped into the area behind the counter and charged at one of the store clerks with the knife raised; and defendant then raised the knife in the air in a slicing motion with the serrated edge facing the two store clerks.

Judge LEVINSON dissenting.

Appeal by defendant from judgment entered 4 January 2006 by Judge William Z. Wood Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Robert R. Gelblum, for the State.*

*J. Clark Fischer, for defendant-appellant.*

JACKSON, Judge.

On 2 July 2005, Tamon Jacoby Legins ("defendant") entered the Wilco Hess convenience store in Winston-Salem, North Carolina. The store's two clerks working at the time were Keith Deberry ("Deberry") and Wayne Wagoner ("Wagoner"). Upon entering the store, defendant went into the store's bathroom and proceeded to smoke crack. After a few minutes, defendant exited the bathroom carrying a steak knife in his hand. He walked towards the counter where Deberry was working on one of the store's two cash registers. Defendant then stepped into the area behind the store's counter and charged at Deberry with the knife raised.

Defendant waved the knife in the air in a slicing motion with the serrated edge facing Wagoner and Deberry. Once Deberry noticed defendant, Deberry grabbed a trash can and used it "to get a distance between him and [defendant]. So, that way, you know, [defendant] couldn't get a good swing at him." Deberry testified that he feared defendant was going to stab him.

Suddenly, defendant fell into the corner of the counter and then onto the floor. Deberry and Wagoner immobilized defendant by pressing the trash can down onto him. Wagoner "held his knees . . . to the trash can and leaned back, so that way if [defendant] did start swinging [the knife], he wouldn't get a good swing at me. And I yelled at [Deberry] to call 9-1-1."

STATE v. LEGINS

[184 N.C. App. 156 (2007)]

Upon arriving at the crime scene, Forsyth County sheriff's deputy Priscilla A. Trentham told defendant to drop the knife numerous times without effect. She then tried to make defendant release the knife by using pepper spray multiple times and by hitting his hand with a metal baton. Defendant did not drop the knife until Officer Michael McDonald of the Winston-Salem police arrived and intervened, a few minutes after the sheriff's deputy had arrived. The entire incident was recorded by the store's surveillance camera, and the recording was introduced into evidence at defendant's trial and shown to the jury while Officer McDonald provided commentary.

On 22 August 2005, defendant was indicted on one count of attempted robbery with a dangerous weapon and on the aggravating factor that he was on probation or parole at the time the offense was committed. In a superceding indictment filed 12 September 2005, defendant was also charged with assault on a government officer. Following a trial by jury, defendant was found guilty of attempted robbery with a dangerous weapon and assault on an officer. For the attempted robbery conviction, defendant was sentenced to term of imprisonment of 103 to 133 months. For the assault conviction, defendant was sentenced to 75 days imprisonment.

On 16 May 2006, this Court granted defendant's petition for writ of *certiorari*, thereby enabling us to review defendant's conviction.

Defendant's sole argument on appeal is that the trial court erred in submitting the charge of attempted robbery with a dangerous weapon to the jury, based upon an insufficiency of the evidence to support the charge. Specifically, defendant contends there was no evidence showing defendant's intent to commit a robbery, nor was there evidence showing an overt act in furtherance of such intent.

"In ruling on a defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator." *State v. Boyd*, 177 N.C. App. 165, 175, 628 S.E.2d 796, 804 (2006). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001)). "When considering a motion to dismiss, the trial court must view all of the evidence presented 'in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.' " *Id.* (quoting *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert.*

*denied,* 515 U.S. 1135, 132 L. Ed. 2d 818 (1995)). "[H]owever, if the evidence 'is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed[.]' " *State v. Grooms,* 353 N.C. 50, 79, 540 S.E.2d 713, 731 (2000), *cert. denied,* 534 U.S. 838, 151 L. Ed. 2d 54 (2001) (citation omitted).

Contradictions and discrepancies in the testimony or evidence are for the jury to resolve and will not warrant dismissal. *State v. King,* 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996). Determinations of the credibility of witnesses are issues for the jury to resolve, and they do not fall within the role of the trial court or the appellate courts. *See State v. Hyatt,* 355 N.C. 642, 666, 566 S.E.2d 61, 77 (2002) ("[I]t is the province of the jury, not the court, to assess and determine witness credibility."), *cert. denied,* 537 U.S. 1133, 154 L. Ed. 2d 823 (2003). When a trial court is considering a defendant's motion to dismiss based upon an insufficiency of the evidence presented, the trial court "is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight." *State v. Powell,* 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

"The essential elements of attempted armed robbery, as set forth in G.S. sec. 14-87(a), are: (1) the unlawful attempted taking of personal property from another; (2) the possession, use or threatened use of a firearm or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim." *State v. Rowland,* 89 N.C. App. 372, 376, 366 S.E.2d 550, 552 (1988). The offense of attempted armed robbery is completed once a person, with the requisite intent to deprive another of property, commits an overt act calculated to achieve that end. *State v. Miller,* 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996). To constitute an overt act, an act "need not be the last proximate act to the consummation of the offense . . . ." *Id.* at 668, 477 S.E.2d at 921 (quotation omitted). However, the act must go beyond mere preparation but fall short of the completed offense. *State v. Squires,* 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), *cert. denied,* 541 U.S. 1088, 159 L. Ed. 2d 252 (2004). " 'Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence[;] it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances from which it may be inferred.' " *State v. Mangum,* 158 N.C. App. 187, 192, 580 S.E.2d 750, 754 (quoting *State v. Banks,* 295 N.C. 399, 412, 245 S.E.2d 743, 752 (1978)), *disc. review denied,* 357 N.C. 510, 588 S.E.2d 378 (2003).

Defendant contends the evidence fails to show that at the time of the incident he had the intent to commit robbery, and that there was no evidence of any overt act done in furtherance of an intent to commit a robbery. At trial, defendant testified that upon smoking the crack cocaine in the bathroom, he became very nervous and paranoid, and felt as though something was chasing him. He stated that upon exiting the bathroom, he was afraid to go out of the store, and he went towards Deberry because he knew Deberry. Defendant testified that he had the knife with him for protection, due to the fact that some of the places he goes to get high often are unsafe. He told the jury that when he ran behind the store's counter, he did so because he was trying to get away from whatever was chasing him, and not because he was trying to attack the cashiers or take anything. Defendant argues that the evidence showed nothing more than the crazed conduct of a drug addicted man, and that according to the evidence, defendant merely ran around the store with a knife in his hand and simply fell behind the counter.

As noted, the trial court's role in ruling on a motion to dismiss based upon an insufficiency of the evidence is to determine the sufficiency of the evidence to carry the case to the jury, and not to determine the evidence's weight or the credibility of any witnesses. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117; *Hyatt*, 355 N.C. at 666, 566 S.E.2d at 77. At trial, the evidence showed that defendant was familiar with the convenience store and its layout, and that the cashiers knew defendant as a previous customer. On 2 July 2005, defendant entered the store and proceeded to go into the bathroom and smoke crack cocaine. When defendant came out of the bathroom, he held a steak knife in his hand, and immediately walked towards the counter at the front of the store where two cash registers were located. Defendant then went into the area behind the counter and charged at one of the clerks, placing himself in close proximity to the store's two cash registers. At the same time defendant stepped behind the counter, he held the knife in front of him and moved it in a slicing motion in the direction of the two store clerks, with the serrated edge of the knife facing the clerks. Deberry testified that he was afraid that defendant was going to stab him.

Based upon the evidence presented at trial, we hold there was sufficient evidence for the charge of attempted armed robbery to be submitted to the jury. Defendant's actions constitute sufficient evidence that a reasonable mind might conclude defendant had the intent to commit robbery and that he did an overt act in furtherance

of this intent. The evidence was sufficient to survive defendant's motion to dismiss, and it was then properly left to the jury to weigh the credibility of defendant and the evidence presented. Defendant's assignment of error is therefore overruled.

No error.

Judge McGEE concurs.

Judge LEVINSON dissents in a separate opinion.

LEVINSON, Judge dissenting.

Because the trial court erred by denying defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon, I respectfully dissent. Even considered in the light most favorable to the State, there is insufficient evidence in the record that defendant's purpose was to rob or take the property of another.

" 'An attempted robbery with a dangerous weapon occurs when a person, with the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result.' " *State v. Gillis*, 158 N.C. App. 48, 56, 580 S.E.2d 32, 38 (2003) (quoting *State v. Allison*, 319 N.C. 92, 96, 352 S.E.2d 420, 423 (1987)) (citations omitted). To sustain a charge of attempted armed robbery, "there must be evidence of an intent to rob the victim." *State v. Miller*, 344 N.C. 658, 668, 477 S.E.2d 915, 921 (1966); *see also State v. McDowell*, 329 N.C. 363, 407 S.E.2d 200 (1991) (display of weapon without other indicias of intent to rob held insufficient to show attempt to rob where belongings of victim left undisturbed). " 'Evidence is not substantial if it arouses only a suspicion about the fact to be proved, even if the suspicion is strong.' " *McDowell*, 329 N.C. at 389, 407 S.E.2d at 215 (quoting *State v. Reese*, 319 N.C. 110, 139, 353 S.E.2d 352, 368 (1987)).

Here, defendant possessed a weapon and assaulted the storekeeper. That this event occurred in a convenience store that sells goods to others, and that defendant negotiated the counter where the cash register was located in a quest to attack the storekeeper and therefore placed himself in "close proximity to the store's two cash registers" as the majority observes, are insufficient circumstances to constitute substantial evidence that defendant had the requisite spe-

cific intent to perpetrate a robbery. Defendant neither stated anything related to an intent to rob, nor committed any overt acts here other than (1) entering a store; (2) digesting cocaine; and (3) attacking an individual who stood on the side of the counter reserved for employees. *Compare, e.g., State v. Ball*, 344 N.C. 290, 474 S.E.2d 345 (1996) (accused assaults victim with knife and states, "give me your money"); *State v. Davis*, 340 N.C. 1, 455 S.E.2d 627 (1995) (defendant pulls weapon on cashier during third visit into shop near closing time and states, "[d]on't even try it"). Were the evidence here sufficient to show an attempted armed robbery, virtually any assault on an individual who is associated or employed by an establishment that occurs at or near something of value might be sufficient to survive a motion to dismiss. This is not the law of North Carolina.

Because the evidence, at best, raises only a suspicion that defendant possessed the requisite intent to rob, the trial court erred by failing to dismiss the attempted robbery with a dangerous weapon charge.