STATE OF NORTH CAROLINA v. ANTHONY EUGENE WARE, DEFENDANT

No. COA07-260

(Filed 19 February 2008)

**1. Sexual Offenses— statutory sex offense of person fifteen years old—incest—motion to dismiss—sufficiency of evidence—paternity—age—temporal variance**

The trial court did not err by denying defendant's motion to dismiss two counts of statutory sex offense of a person who is fifteen years old and two counts of incest because: (1) contrary to defendant's assertion, both the victim's testimony and her birth certificate were direct evidence of defendant's paternity of the victim; (2) the evidence presented at trial was beyond mere suspicion or conjecture; (3) although defendant contends there was insubstantial evidence of his age produced at trial, the victim testified that defendant was her biological father and it was biologically impossible for defendant to be less than six years older than the victim; (4) the Court of Appeals has previously held that an indictment is sufficient if it sets out a time period during which

the time occurred, and the exact date that defendant had sex with the victim in the instant case was immaterial when the evidence at trial showed the offenses occurred when the victim was fifteen years old; (5) there was substantial direct and circumstantial evidence that defendant had vaginal intercourse or engaged in a sexual act with his daughter on multiple occasions while she was fifteen years of age; and (6) defendant failed to demonstrate that his ability to present a defense was impaired by the temporal variances in the evidence presented at trial.

## 2. Constitutional Law— right to unanimous verdict—double jeopardy—overlapping dates of sexual offenses

Defendant was not denied his right to a unanimous verdict and his right against double jeopardy in a double statutory sex offense of a person who is fifteen years old and double incest case based on the alleged overlap in the dates of the offenses because: (1) the trial court instructed the jury on each of the charged offenses and issued separate verdict sheets to the jury for each charged offense; (2) there were specific incidents which supported each of the guilty verdicts rendered by the jury, and thus there was no danger of a lack of unanimity between the jurors with respect to the verdict; and (3) although defendant contends he was subjected to double jeopardy since there was no specific proof of carnal intercourse on 3 September 2004 or between 10 September 2004 and 4 October 2004 as charged in the indictments, there was evidence of at least two separate instances of incest occurring contemporaneously to the charged dates.

## 3. Evidence— questioning by trial court—opinion—clarification of testimony

The trial court did not err in a double statutory sex offense of a person who is fifteen years old and double incest case by allegedly impermissibly commenting on a question of fact to be decided by the jury when one question asked by the court included the fact that the victim was eight at the time of previous abuse by a neighbor because: (1) as defendant concedes, a judge is permitted to ask questions of a witness sua sponte to clarify testimony; (2) none of the questions asked by the trial judge in the instant case related to any question of fact to be decided by the jury; and (3) defendant failed to demonstrate how he was prejudiced by the trial court's questions.

STATE v. WARE

[188 N.C. App. 790 (2008)]

**4. Evidence— expert testimony—questioning by trial court—clarification of testimony—foundation questions**

The trial court did not err in a double statutory sex offense of a person who is fifteen years old and double incest case by questioning the State's expert witness while the prosecutor was laying the foundation for admitting the witness as an expert and by asking questions to clarify the witness's testimony once she was properly admitted because: (1) not only is a trial judge permitted to ask questions of a witness to clarify her testimony, but he may also ask questions that lay the foundation for a witness to be qualified as an expert; and (2) doing so does not breach a defendant's right to a trial before an impartial judge.

**5. Witnesses— expert—qualifications—licensed clinical social worker—sexual abuse**

The trial court did not abuse its discretion in a double statutory sex offense of a person who is fifteen years old and double incest case by admitting a licensed clinical social worker as the State's expert because: (1) although an expert witness may not testify as to whether sexual abuse has actually occurred, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith; and (2) the witness was properly qualified as an expert, and the witness's testimony that it was common for children who have been abused by a parental figure to have a dilemma about reporting the abuse was properly allowed.

Appeal by defendant from judgments entered 26 June 2006 by Judge Michael E. Helms in Guilford County Superior Court. Heard in the Court of Appeals 19 September 2007.

*Attorney General Roy Cooper, by Assistant Attorney General David J. Adinolfi II, for the State.*

*L. Jayne Stowers for defendant.*

ELMORE, Judge.

On 21 June 2006, a jury found Anthony Ware (defendant) guilty of two counts of Statutory Sex Offense of a Person who is Fifteen Years Old and two counts of Incest. On 26 June 2006, the trial court entered judgment against defendant and sentenced him to a term of 336-413

months' imprisonment on the two counts of Statutory Sex Offense, to run consecutively, and two terms of twenty-one to twenty-six months on the two counts of Incest, to run consecutively but concurrent to the sentences imposed on the two counts of Statutory Sex Offense. Defendant appeals and we affirm.

I. Discussion

a. Sufficiency of the Evidence

[1] Defendant argues that the trial court erred in denying his motion to dismiss for insufficiency of the evidence on both the statutory sex offense and incest charges.

In ruling on a motion to dismiss, the trial court must determine "whether there is substantial evidence of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Kitchengs*, 183 N.C. App. 369, 374-75, 645 S.E.2d 166, 171 (2007 (quotations and citation omitted). Furthermore, all evidence is considered "in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *Id.* (quotations and citation omitted).

Defendant was indicted on two counts of statutory sex offense with a person of the age of 15 years, and two counts of incest. Our statutes require the State to prove, beyond a reasonable doubt, that "defendant [engaged] in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person . . . ." N.C. Gen. Stat. § 14-27.7A(a) (2005). In order to carry its burden on incest, the State must prove, beyond a reasonable doubt, that defendant engaged "in carnal intercourse with the [defendant's] . . . (ii) parent or child or stepchild or legally adopted child . . . ." N.C. Gen. Stat. § 14-178(a) (2005).

Defendant argues, *inter alia*, that the State failed to produce substantial evidence of defendant's age, vaginal intercourse or a sexual act on the dates charged on the indictment, and defendant's paternity. Defendant's argument is unpersuasive.

The victim testified at trial that defendant was her biological father and identified him in open court. Furthermore, the victim's birth certificate, clearly identifying defendant to be the victim's

father, was admitted into evidence. Both the victim's testimony and her birth certificate are direct evidence of defendant's paternity. The crime of incest was first created by our legislature long before the advent of DNA or blood type paternity testing. *See, e.g., State v. Harris*, 149 N.C. 513, 514, 62 S.E.1090, 1090 (1908) ("Section 3351 defines incest to be carnal intercourse between grandparent and grandchild, parent and child, brother and sister of the half or whole blood."). We hold that witness testimony and birth records are substantial evidence of paternity. Finally, defendant characterized his relationship with the victim and her sister as one where he sought to be a "cool dad."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kitchengs*, 183 N.C. App. at 374-75, 645 S.E.2d at 171 (quotations and citation omitted). Testimony by a competent witness as to defendant's paternity, birth records, and the defendant's own testimony are substantial evidence. Furthermore, "[d]eterminations of the credibility of witnesses are issues for the jury to resolve, and they do not fall within the role of the trial court or the appellate courts." *State v. Legins*, 184 N.C. App. 156, 159, 645 S.E.2d 835, 837 (2007) (citations omitted). "When a trial court is considering a defendant's motion to dismiss based upon an insufficiency of the evidence presented, the trial court is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight." *Id.* at 159, 645 S.E.2d at 837-38 (quotations and citations omitted). Finally, the evidence presented at trial consisted of evidence beyond mere "suspicion or conjecture." *Id.* at 159, 645 S.E.2d at 837 (quotations and citations omitted).

Defendant also argues that there was not substantial evidence of his age produced at trial. However, the victim "testified [that] defendant was her biological father. As it was biologically impossible for defendant to be less than six years older than [the victim] and to be her father, we conclude that there was sufficient evidence of defendant's age to overcome the motions to dismiss." *State v. Wiggins*, 161 N.C. App. 583, 591, 589 S.E.2d 402, 408 (2003).

Defendant also contends that the State did not produce substantial evidence of vaginal intercourse or a sexual act on the dates charged on the indictment. On the two counts of Statutory Sex Offense, Defendant was indicted for an offense occurring "[o]n or about 11/15/03 to 12/25/03" and one occurring "[o]n or about 12/3/03." The indictments for incest listed two dates of offense, one for "9/3/04"

and another for "9/10/04 to 10/4/04." This Court has held that "[a]n indictment is sufficient if it sets out a time period during which the crime allegedly occurred." *State v. Crockett*, 138 N.C. App. 109, 112, 530 S.E.2d 359, 362 (2000) (citations omitted). The victim was fifteen years old on all of the charged dates. Therefore, "the exact date that defendant had sex with [the victim] is immaterial because the evidence at trial showed that [the offenses] occurred . . . when the victim was [fifteen years old]." *Id.* at 113, 530 S.E.2d at 362. Furthermore, there was substantial direct and circumstantial evidence that defendant had vaginal intercourse or engaged in a sexual act with his daughter on multiple occasions while she was fifteen years of age.

This Court has previously recognized that "[c]ourts are lenient in child sexual abuse cases where there are differences between the dates alleged in the indictment and those proven at trial." *State v. McGriff*, 151 N.C. App. 631, 635, 566 S.E.2d 776, 779 (2002) (citation omitted). Furthermore, "[l]eniency has been allowed in cases involving older children as well." *Id.* (citation omitted). This Court has acknowledged that there is considerable "[j]udicial tolerance of variance between the dates alleged and the dates proved in cases involving child sexual abuse. Unless a defendant demonstrates that he was deprived of the opportunity to present an adequate defense due to the temporal variance, the policy of leniency governs." *State v. Brown*, 178 N.C. App. 189, 195, 631 S.E.2d 49, 53 (2006) (internal quotations and citations omitted) (alteration in original).

Defendant has not demonstrated that his ability to present a defense was impaired by the temporal variances in the evidence presented at trial; he simply relies on the fact that there were temporal variances in a vain attempt to find reversible error. We decline to find such error in this case.

II. Unanimity and Double Jeopardy

[2] Defendant next assigns error on the grounds that the "overlap in the dates of the offenses alleged" violated his right to a unanimous jury verdict and his right against double jeopardy provided by the North Carolina State Constitution and the Constitution of the United States. Defendant's argument has no merit.

It is well settled that "[w]hen [a] defendant is tried in a jury trial, 'the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged.' " *State v. Mueller*, 184 N.C. App. 553, 576, 647 S.E.2d 440,

456 (2007) (quoting *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982)). However, our Supreme Court has held that "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *State v. Lawrence*, 360 N.C. 368, 375, 627 S.E.2d 609, 613 (2006). This Court has "applied the same rationale to charges of sex offense and overruled the defendant's jury unanimity argument where the jury was instructed on all issues, including unanimity; [and] separate verdict sheets were submitted to the jury for each charge." *State v. Burgess*, 181 N.C. App. 27, 37-38, 639 S.E.2d 68, 76 (2007) (quotations and citation omitted) (alteration in original).

In the case at bar, the trial court instructed the jury on each of the charged offenses and issued separate verdict sheets to the jury for each charged offense.

Furthermore, "there were specific incidents which supported each of the guilty verdicts rendered by the jury." *State v. Reber*, 182 N.C. App. 250, 256, 641 S.E.2d 742, 746-47 (2007). First, when asked by the prosecutor whether an incident of oral sex occurred "about December 3rd," the victim responded "Yes, ma'am." This testimony clearly supports Defendant's conviction for 05 CRS 73421, where the alleged offense occurred "[o]n or about 12/3/03." Second, when asked "what happened at [the victim's] house around Thanksgiving . . . 2003," the victim testified that her father "put down a $20 bill and started pulling [her] underclothes down." Again, the conduct that occurred around Thanksgiving 2003 plainly falls within the charged dates of 15 November 2003 to 25 December 2003. Thus, " 'there was no danger of a lack of unanimity between the jurors with respect to the verdict.' " *Id.* at 256, 641 S.E.2d at 747 (quoting *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409).

Defendant's double jeopardy argument is also meritless. "The Double Jeopardy Clause of the Fifth Amendment states that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' " *State v. Tirado*, 358 N.C. 551, 578, 599 S.E.2d 515, 534 (2004) (quoting U.S. Const. amend. V) (additional citation omitted). Defendant complains that he is subject to "multiple punishments for the same offense." *Id.*

Defendant argues that he has been subjected to double jeopardy because there was not specific proof of carnal intercourse on 3 Sep-

tember 2004 or between 10 September 2004 and 4 October 2004 as charged in the indictments. Because there was evidence of at least two separate instances of incest occurring contemporaneously to the charged dates, this argument is dismissed.

III. Questions by the Trial Court

**[3]** Defendant's next assignment of error concerns questions asked by the trial court during the trial. Specifically, Defendant argues that questions asked by the trial court of a witness constituted comments because the questions "assumed facts that were not in evidence" to be true. The trial court attempted to clarify a witness's testimony during the following exchange:

Q: Okay. So she has alleged abuse by a neighbor and by her father, is that correct?

A: Yes, sir.

THE COURT: But she made the allegation of abuse by the neighbor when she was eight. Was that part of what she told you as well?

THE WITNESS: Yes.

Defendant argues that the trial court impermissibly commented on a question of fact to be decided by the jury because the trial court's question included the fact that the victim was eight at the time of the previous abuse.

A trial judge may not express "any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2005). However, as defendant concedes, a judge is permitted to ask questions of a witness *sua sponte* to clarify her testimony. We fail to see how any of the questions asked by the trial judge in the case at bar related to any question of fact to be decided by the jury. Furthermore, defendant has not demonstrated how he was prejudiced by the trial court's questions. Therefore, this assignment of error is dismissed.

IV. Questioning of the State's Expert Witness

**[4]** Defendant also alleges that the trial court erred by questioning the State's expert witness while the prosecutor was laying the foundation for admitting the witness as an expert and by asking questions to clarify the witness's testimony once she was properly admitted.

"Whether a witness is qualified as an expert is largely a question of fact answered by the trial court. Thus, trial courts are given wide discretion when determining whether expert testimony is allowed at trial." *State v. Steelmon*, 177 N.C. App. 127, 131, 627 S.E.2d 492, 494 (2006) (citations omitted). Furthermore,

> it is well recognized that a trial judge has a duty to question a witness in order to clarify his testimony or to elicit overlooked pertinent facts. Likewise, it is 'well settled' that a trial judge may question witnesses in the interests of supervising and controlling the course of a trial.

*State v. Burke*, 185 N.C. App. 115, 119, 648 S.E.2d 256, 259 (2007) (quotations and citations omitted). It follows that not only is a trial judge permitted to ask questions of a witness to clarify her testimony, but he may also ask questions that lay the foundation for a witness to be qualified as an expert. Doing so does not breach a defendant's right to a trial before an impartial judge. This assignment of error must be overruled.

V.  Qualification of the State's Expert Witness

**[5]** We review the trial court's decision to admit the State's expert, a licensed clinical social worker, for abuse of discretion. *See Steelmon*, 177 N.C. App. at 130, 627 S.E.2d at 494. Although an expert may not testify as to whether sexual abuse has actually occurred, "an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith." *State v. Stancil*, 355 N.C. 266, 267, 559 S.E.2d 788, 789 (2002).

Here, the expert testified that she received a master's degree in social work from East Carolina University, was licensed by the State of North Carolina as a clinical social worker, and that a substantial number of the individuals she had worked with had experienced some sort of sexual abuse by a parental figure. Accordingly, the witness was properly qualified as an expert and the witness's testimony that it was common for children who have been abused by a parental figure to "have a dilemma" about reporting the abuse was properly allowed. We hold that the trial court did not abuse its discretion in admitting the State's expert witness. Thus, this assignment of error is overruled.

Defendant makes seven assignments of error but only argues six. The remaining assignment of error is deemed abandoned. *See*

N.C.R. App. P. 28(b)(6) (2007). Having conducted a thorough review of the briefs and record on appeal, we find no error.

No error.

Judges McGEE and TYSON concur.