STATE OF NORTH CAROLINA
v.
FRANCISCO JAVIER BERRIO
No. COA09-608.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General
Anita LeVeaux, for the State.
McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant-appellant.
CALABRIA, Judge.
Francisco Javier Berrio ("defendant") appeals a judgment entered upon jury verdicts finding him guilty of two counts of statutory rape, two counts of statutory sex offense, four counts of sex offense with a student and twelve counts of indecent liberties with a minor. We find no error.
Defendant was born on 25 February 1977 and is a resident and citizen of Colombia, South America. He was issued a work visa in order to teach Spanish and French in the United States. In 2005, defendant was teaching Spanish I at Forest Hills High School ("the school") in Union County, North Carolina. One of his students was BH, who was a fourteen-year-old freshman.
During the early part of the 2005-2006 school year, BH and defendant became friends. They often discussed personal matters with each other, at times outside classroom hours. In October 2005, after one of their conversations, defendant gave BH a French kiss. The kiss lasted approximately ten seconds.
In the months that followed, the relationship between defendant and BH became increasingly physical. During their meetings outside classroom hours, defendant would sometimes touch BH's breasts and vagina. The touching always took place in a classroom at the school.
In the late evening hours of 26 May 2006, BH left her parents' home without their knowledge and met defendant in a nearby parking lot. Defendant and BH then engaged in vaginal intercourse in the backseat of defendant's car. Shortly after this encounter, defendant returned home to Colombia for the summer.
When defendant returned to the school in the fall, he and BH resumed their sexual relationship. These encounters occurred between two and three times per week throughout the first few months of the school year. Beginning some time around March 2007, defendant and BH engaged in anal intercourse. The two engaged in anal intercourse on approximately ten occasions.
On 19 April 2007 defendant and BH again engaged in anal intercourse. At some point there was a pause in the sexual activity and BH gathered her things and left the classroom. She went immediately to Matthew Rice ("Mr. Rice"), another teacher at the school, and reported her sexual relationship with defendant. Mr. Rice immediately brought BH to the school office so that she could report the situation to school administrators and the Union County Sheriff's Department ("the Sheriff's Department").
Detectives from the Sheriff's Department sent BH to Union Regional Hospital in Monroe, North Carolina. At the hospital, medical personnel examined BH and obtained a rape kit from her. An analysis of the rape kit by the State Bureau of Investigation detected the presence of sperm in samples taken from BH's anus, vagina, and clothing. A DNA analysis of the sperm determined that there was an extremely high likelihood that the sperm belonged to defendant.
Defendant was subsequently arrested and indicted for, inter alia, twenty-eight various sexual offenses resulting from his relationship with BH.[1] These twenty-eight offenses were each indicted separately and were then consolidated into fourteen file numbers, with each file number containing two counts of the same offense. Each indictment listed the dates of the offenses as 1 May 2006 to 19 April 2007. Beginning on 29 September 2008, defendant was tried in Union County Superior Court for the following offenses: (1) four counts of statutory rape; (2) eight counts of statutory sex offense; (3) four counts of sex offense with a student; (4) twelve counts of indecent liberties with a minor; and (5) one count of first degree kidnapping. During the trial, Detective John Young ("Detective Young") of the Sheriff's Department attempted to testify about a statement defendant made when he was arrested. The State failed to provide prior notice to defendant regarding the statement. Defendant made a motion for a mistrial and, after hearing arguments from defendant's counsel, the trial court denied the motion. However, the trial court did not allow the statement into evidence and explicitly instructed the jury to disregard it.
At the close of the State's evidence, defendant made a motion to dismiss all the charges. The trial court granted the motion as to the first degree kidnapping charge, but denied the motion for the remaining charges. Defendant did not present any evidence.
On 2 October 2008, the jury returned verdicts of guilty to two counts of statutory rape, two counts of statutory sex offense, twelve counts of indecent liberties with a minor, and four counts of sex offense with a student. The jury also returned verdicts of not guilty to the remaining two counts of statutory rape and six counts of statutory sex offense. Defendant stipulated that he was a prior record level I offender and was sentenced to a minimum of 220 months to a maximum of 273 months in the North Carolina Department of Correction. Defendant appeals.
Defendant argues that the trial court erred by allowing the State to prosecute defendant on identical offenses indicted under the same file numbers. Defendant did not raise this issue in the trial court, and therefore has failed to preserve it for appellate review. N.C.R. App. P. 10(b)(1) (2008). Although defendant attempts to argue this assignment of error under the plain error standard, plain error analysis only extends to jury instructions and evidentiary matters. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109 (1998).
However, even if defendant's argument were to be considered, it is without merit. Defendant contends that because the grand jury returned twenty-eight separate indictments that were consolidated into fourteen file numbers, the indictments violated N.C. Gen. Stat. § 15-153 and prevented the trial court from complying with N.C. Gen. Stat. §§ 15A-301 and 15A-301.1 (2007). Defendant cites no authority for his latter contention and we therefore do not consider it. See N.C.R. App. P. 28(b)(6) (2008).
N.C. Gen. Stat. § 15-153 states:
Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express[es] the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.
N.C. Gen. Stat. § 15-153 (2007). "This law was certainly designed to uphold the execution of public justice, by freeing the courts from those fetters of form, technicality, and refinement, which do not concern the substance of the charge, and the proof to support it." State v. Moses, 13 N.C. 452, 463 (1830).
[A]n indictment must sufficiently put a defendant on notice of the charges against him. An indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense.
State v. Mueller, 184 N.C. App. 553, 577-78, 647 S.E.2d 440, 457 (2007)(internal quotations and citations omitted). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense," and "need only allege the ultimate facts constituting the elements of the criminal offense and that evidentiary matters need not be alleged." State v. Blackmon, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46 (1998)(internal citations omitted). "Our statutes do not require that indictments for sexual offenses. . . specifically state the underlying act constituting the offense." Mueller, 184 N.C. App. at 577, 647 S.E.2d at 457 (citations omitted).
In Mueller, the defendant argued "that by failing to differentiate the various charges by providing different dates for the offenses and listing the underlying acts, the indictments open[ed] the door to his being subjected to double jeopardy for the same acts on the same dates." Id. This Court rejected the defendant's argument, determining that the indictments followed the appropriate statutory requirements and therefore put the defendant on sufficient notice of the charges against him. Id. at 577-78, 647 S.E.2d at 457. In the instant case, as in Mueller, the indictments contained in the record allege all of the elements of each offense for which defendant was convicted, as required by the various statutes. "Therefore, each of the indictments was sufficient to inform defendant of the charges against him, and he has failed to show any deprivation of his ability to prepare a defense due to a lack of specificity in the indictments."[2]Mueller, 184 N.C. App. at 578, 647 S.E.2d at 457. This assignment of error is overruled.
Defendant argues that the trial court erred when it denied defendant's motion for a mistrial. We disagree.
"The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings. . . resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2007). "A mistrial should be granted only when there are improprieties in the trial so serious that they substantially and irreparably prejudice the defendant's case and make it impossible for the defendant to receive a fair and impartial verdict." State v. Warren, 327 N.C. 364, 376, 395 S.E.2d 116, 123 (1990) (internal quotations and citation omitted). "Consequently, a trial court's decision concerning a motion for mistrial will not be disturbed on appeal unless there is a clear showing that the trial court abused its discretion." Id.
In the instant case, Detective Young testified as follows:
Q: And what did you observe?
A: At that time Mr. Berrio sat up in his bed clutching a teddy bear. We all got into the room. He just sat there on the bed. I asked him are you Mr. Berrio. He said yes I am. He didn't say anything else. I asked him do you know why we're here. And his answer was I told [BH] we shouldn't have been seen in compromising situations, but we were so close together at school talking.
Defendant's counsel then objected and the trial court ordered the jury out of the courtroom.
The State admitted that defendant's statement to Detective Young was not listed in the State's supplemental investigation report or in any of the other investigative reports. After hearing arguments from the State and defendant, the trial court determined that the State had not willfully withheld the statement and that in light of defendant's written confession, which the State intended to (and later did) introduce into evidence, defendant would not have been prejudiced by his statement to Detective Young. However, out of "an abundance of caution," the trial court sustained defendant's objection and did not allow defendant's statement into evidence. When the jury returned, the trial court instructed them as follows:
All right. Ladies and gentlemen of the jury, before we broke, the detective made a statement that is alleged to have been attributed to this defendant at the time that the officers entered his bedroom. The Court instructs you that you are not to consider during the course of this trial any statement that the defendant is alleged to have made at the time that the officers entered his bedroom. That has been stricken from the records and you are not to consider it.
Our Supreme Court has held, in situations such as this, that "the trial court's curative instructions ordinarily would have dispelled any prejudice. Jurors are presumed to follow the court's instructions when they are told not to consider testimony." State v. Hill, 347 N.C. 275, 297, 493 S.E.2d 264, 276 (1997)(internal quotations and citations omitted). Considering defendant's written confession and the trial court's curative instructions, we conclude that the trial court did not abuse its discretion by denying defendant's motion for a mistrial. This assignment of error is overruled.
Defendant argues that the trial court erred by denying defendant's motion to dismiss all of the charges. We disagree.
The standard of review for the court's denial of a motion to dismiss for insufficient evidence is whether when considered in the light most favorable to the State, there is substantial evidence of each essential element of the offense charged and that defendant is the perpetrator. Substantial evidence is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
State v. Hussey, ___ N.C. App. ___, ___, 669 S.E.2d 864, 866 (2008) (internal quotations and citations omitted).
The trial court submitted to the jury four counts of statutory rape, eight counts of statutory sex offense, twelve counts of indecent liberties with a minor, and four counts of sex offense with a student. Defendant does not contend that insufficient evidence was presented for any particular offense, but rather argues that the evidence presented by the State at trial was insufficient to support the total number of offenses that were ultimately submitted to the jury.
The victim of a sexual assault does not have to explicitly testify to the details of an assault in order for the offense to be submitted to a jury. See State v. Ashford, 301 N.C. 512, 513-14, 272 S.E.2d 126, 127 (1980). In addition, "generic testimony [of sexual abuse] can support more than one conviction." State v. Bullock, 178 N.C. App. 460, 473, 631 S.E.2d 868, 877 (2006). This is because
[w]hile the first instance of abuse may stand out starkly in the mind of the victim, each succeeding act, no matter how vile and perverted, becomes more routine, with the latter acts blurring together and eventually becoming indistinguishable. It thus becomes difficult if not impossible to present specific evidence of each event.
Id.
A defendant is guilty of statutory rape "if the defendant engages in vaginal intercourse. . . with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2007).
A defendant is guilty of statutory sexual offense "if the defendant engages in. . . a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." Id.
A defendant is guilty of taking indecent liberties with children:
if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
N.C. Gen. Stat. § 14-202.1(a) (2007).
A defendant is guilty of sex offense with a student:
[i]f a defendant, who is a teacher, school administrator, student teacher, school safety officer, or coach, at any age, or who is other school personnel, and who is at least four years older than the victim engages in vaginal intercourse or a sexual act with a victim who is a student, at any time during or after the time the defendant and victim were present together in the same school, but before the victim ceases to be a student, . . . except when the defendant is lawfully married to the student.
N.C. Gen. Stat. § 14-27.7(b) (2007).
In the instant case, BH was 14 years old when she met the defendant, who was BH's Spanish I instructor at the school. BH and defendant developed a friendship that eventually became a physical relationship. When defendant gave BH a French kiss, she was fourteen-years-old and he was twenty-eight years old. About three times a week, defendant and BH were together alone in the classroom, during which times defendant would sometimes touch BH's vagina and breasts.
BH described, in detail, the first time she had vaginal intercourse with defendant on 26 May 2006. In addition, BH testified to having vaginal intercourse with defendant an average of two to three times per week the following school year. BH recounted four specific occasions of vaginal intercourse with defendant in his classroom, based upon what she was wearing at the time of the encounter. BH then stated that she and defendant had engaged in additional vaginal intercourse, but she could not remember the circumstances with specificity. Defendant's confession indicated that he had vaginal intercourse with BH "no more than ten times."
Additionally, BH testified that she and defendant engaged in anal intercourse "around ten" occasions. BH recounted in detail the first and last times these encounters took place. BH also testified about four other instances when anal intercourse occurred, again based upon what she was wearing at the time of the encounter. BH then stated that anal intercourse occurred on other occasions, but she could not recount the specific circumstances of these additional encounters.
In the light most favorable to the State, the evidence presented at trial supported convictions on at least four counts of statutory rape, eight counts of statutory sex offense, twelve counts of indecent liberties with a minor and four counts of sex offense with a student. Therefore, the trial court properly denied defendant's motion to dismiss all charges. This assignment of error is overruled.
Defendant argues that the trial court erred by failing to distinguish and differentiate the various charges against the defendant in its charge to the jury. Defendant contends that there is ambiguity as to the unanimity of the jury verdicts because it is "impossible to reconcile which offenses the Defendant was convicted of committing from the evidence presented at trial." We disagree.
Defendant did not object to the jury instructions at trial; however,
[a] defendant's failure to object at trial to a possible violation of his right to a unanimous jury verdict does not waive his right to appeal on the issue, and it may be raised for the first time on appeal. When defendant is tried in a jury trial, the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged. Thus, although defendant failed to raise this issue before the trial court, he was not required to do so and the issue may be addressed on appeal.
Mueller, 184 N.C. App. at 575-76, 647 S.E.2d at 456 (internal quotations and citations omitted). On appeal, this Court will "examine the verdict, the charge, the jury instructions, and the evidence to determine whether any ambiguity as to unanimity has been removed." State v. Petty, 132 N.C. App. 453, 461-62, 512 S.E.2d 428, 434 (1999).
[O]ur Supreme Court has held that a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents. This Court has applied the same rationale to charges of sex offense and overruled the defendant's jury unanimity argument where the jury was instructed on all issues, including unanimity; [and] separate verdict sheets were submitted to the jury for each charge.
State v. Ware, 188 N.C. App. 790, 796, 656 S.E.2d 662, 665 (2008) (internal quotations and citations omitted). In the instant case, the jury was instructed on all issues, including unanimity. Separate verdict sheets were submitted to the jury for each charge. Defendant initially requested polling of the jury, and each juror polled indicated that they agreed with the verdicts.[3] Defendant's argument is without merit. This assignment of error is overruled.
The record on appeal includes additional assignments of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem them abandoned and need not address them.
No error.
Judges HUNTER, Robert C. and GEER concur.
Report per Rule 30(e).
NOTES
[1] The record on appeal only contains copies of the indictments for the offenses for which defendant was ultimately convicted.
[2] We note that in Mueller, each indictment was listed under a separate file number, but find no reason why the administrative decision to list two indictments under each file number in the instant case should change the Mueller analysis. As defendant concedes in his brief, "[t]here is no requirement that every warrant or indictment be given a unique or individual file number."
[3] After the second juror was polled and affirmed the verdicts, defendant withdrew his request to poll the remaining jurors.